UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY J. BRODZKI, )
)
          Plaintiff, )
)
vs. ) Case No.: 2:12-cv-00104-GMN-CWH
)
COOK COUNTY, IL, ) **ORDER**
)
          Defendant. )
)

Pending before the Court is Plaintiff Anthony J. Brodzki's Motion for Temporary Restraining Order (ECF No. 2) and Motion for Injunction (ECF No. 5).

**I.  BACKGROUND**

In conclusory fashion, Plaintiff's motions state violations of his Fifth and Fourteenth Amendment rights under the United States Constitution, by the "inaction" of "the cook county state's attorney" in failing to prevent "mind body harassment" by the Chicago Police Department. However, the specific events constituting these violations are not described, except by vague and graphic reference.  Plaintiff's allegations imply violations continuing to the present day, but also refer to harassment dating back to 2007 in Las Vegas.

**II.  LEGAL STANDARD**

Temporary restraining orders and preliminary injunctions are governed by the same legal standard. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order.").  The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

*Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).  The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).  The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007).  "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 37476 (2008) (rejecting the Ninth Circuit's alternative "sliding scale" test).   The Supreme Court has made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell,* 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311–12 (1982)) (emphasis added).

"It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 973 (1997) (quoting 11 C. Wright, A.

Miller, & M. Kane, *Federal Practice and Procedure* § 2948 (2d ed. 1995)).

## III. DISCUSSION

Plaintiff states that Cook County is violating his constitutional rights by inaction, but fails to allege facts supporting a legal cause of action for this inaction. Because Plaintiff fails to describe with coherent detail the facts supporting his allegations, he fails to meet his burden to make a clear showing that an injunction is merited. Accordingly, the Court finds that Plaintiff has shown no likelihood of success on the merits in his pleadings.

Plaintiff also fails to allege facts supporting the other three requirements for the issuance of preliminary injunctive relief. Apart from alleging "mind body harassment," Plaintiff does not clearly state the harm he is suffering due to Defendant's actions or inactions. Furthermore, there is insufficient information on which to base any weighing of hardships or advancement of the public interest.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunction (ECF No. 5) is **DENIED**.

DATED this 16th day of February, 2012.

_____
Gloria M. Navarro
United States District Judge